ATHENS HOSIERY MILLS *et al. v.* JOHN B. THOMASON, Comptroller.

## (*Nashville*, December Term, 1920.)

1. **STATUTES.** Legislative intent must be ascertained and given effect, and in doing so act must be considered as a whole.

It is the duty of the court, in the interpretation of statutes, to ascertain and give effect to the legislative intent, and in order to arrive at this purpose the court must consider the act as a whole. (*Post, pp.* 167, 168.

Acts cited and construed:   Acts 1919, ch. 110.

Constitution cited and construed:   Art. 2, sec. 17.

2. **STATUTES.** All sections of Factory Inspection Act held germane to subject.

The body of Acts 1919, chapter 110, known as the bureau of Workshop and Factory Inspection Act, does not contain two subjects, and does not violate Constitution article 2, section 17, although the act is both civil and criminal in its nature.   (*Post, p.* 168.)

Case cited and approved: State v. Yardley, 95 Tenn., 557.

3. **INSPECTION.** Factory Inspection Act provision  for Inspection fees held not violative of constitutional rule of uniformity in taxation.

Legislature had right to require the payment of reasonable inspection fees for the purpose of providing a fund for defraying the cost of maintaining the bureau under Acts 1919, chapter 110, known as the Bureau of Workshop and Factory Inspection Act, and such act does not violate the uniformity of taxation requirement of Constitution article 2, section 28, merely because a surplus remains after the payment of all expenses. (*Post, pp.* 168-170.)

Case cited and approved:   Rhinehart v. State, 121 Tenn., 420.

4. **MASTER AND SERVANT.** Factory Inspection Act constitutional. Acts 1919, chapter 110, known as the Bureau of Workshop and Factory Inspection Act, is not unconstitutional. (*Post*, *p.* 170.)

### FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. Jas. B. Newman, Chancellor.

Dan E. McGuin and Jno. M. Cate, for appellants.

Frank M. Thompson and Wm. H. Swiggart, Jr., for respondent.

Mr. Justice McKinney delivered the opinion of the Court.

This suit involves the constitutionality of chapter 110 of the Acts of 1919, known as the Bureau of Workshop and Factory Inspection Act.

It is insisted by the complainants that the act violates article 2, section 17, of the constitution, which provides that—"No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

Both the title and the body of the act are lengthy, and we will not here copy them in full.

The substance of the title might be said to be an act creating a bureau of workshop and factory inspection, appointing officers to manage same, and defining their duties. It is not necessary that those duties be set forth in detail in the caption.

Section 1 creates a bureau of workshop and factory inspection under the control of the chief mine inspector, with its office in the mining department.

Sections 2, 3, and 4 provide for a chief inspector, four deputy inspectors, a clerk, and stenographer, divides the state into districts, and provides that each inspector shall be assigned to a certain district.

Section 5 is as follows:

"Be it further enacted, that each deputy inspector of workshops and factories assigned to a district for the inspection of workshops and factories therein shall carefully inspect the sanitary conditions, systems of sewerage, situation and condition of water closets, systems of heating, lighting and ventilating rooms where persons are employed at labor, and means of exit in case of fire or other disasters within, or connected with, such workshops and factories. They shall examine the belting, shafting, gearing, elevators, drains and machinery in and about such workshops and factories, and see that they are not so located as to be dangerous to employees when engaged in their ordinary duties, and as far as practicable, securely guarded; that they shall see that each vat, pan, or structure, filled with molten lead or hot liquor is surrounded by proper safeguards for preventing accident or injury to persons employed at or near them. For the purpose of inspection or examination required of them by law, the chief inspector of workshops and factories, and each deputy inspector, at reasonable hours may enter any workshop or factory in the State."

144 Tenn.—11

Section 6 provides: ''That the inspector shall make an accurate record of all examinations and inspections of the workshops and factories inspected by each, showing the date inspected, the condition in which such workshops or factories are found, the extent to which laws relating thereto are observed or violated, the progress made in the improvement of the workshops and factories, and the conditions to insure the preservation of life and health by the provisions of this act and other laws, the enforcement of which are under the direction of the bureau of workshops and factory inspection,'' etc.

Section 7 authorizes the inspectors to administer oaths, etc.

Section 8 is as follows: ''Be it further enacted, that the term 'workshops and factories' as used in this act, shall include the following: Manufacturing, mills, mechanical, electrical, mercantile, art, and laundering establishments, printing, telegraph, and telephone offices: department stores, or any kind of establishment wherein labor is employed or machinery used.''

Sections 9 to 16, inclusive, it is insisted, add new subjects to the act; hence we copy them is full, as follows:

''Sec. 9.    Be it further enacted, that every factory, workshop, association, or other establishment in which five or more persons are employed shall be so ventilated while work is carried on therein that the air shall not become so exhausted as to become injurious to the health of the persons employed therein, and shall also be so ventilated as to render harmless, as far as practicable, all gases, vapors, dust or other impurities generated in

the course of the manufacturing process or handicraft carried on therein.

"Sec. 10.    Be it further enacted, that every factory, workshop, association, or other establishment where a work or process is carried on by which dust, filaments or injurious gases are produced or generated, that are liable to be inhaled by persons employed therein, the person, firm, or corporation by whose authority the said work or process is carried on shall cause to be provided and used in said workshop, factory association or establishment, exhaust fans, conveyors, receptacles, or blowers with pipes and hoods extending therefrom to each machine, contrivance or apparatus by which dust, filaments, or injurious gases are produced or generated; or provide other mechanical means to be maintained for the purpose of carrying off or receiving and collecting such dust, filament, devitalized air, or other impurities as may be detrimental to the health of those in, about, or in connection with such place as herein mentioned. Provided, that if natural ventilation sufficient to exclude the harmful elements above enumerated be provided, the requirement of this section shall have been complied, with by such firm, corporation, association or other establishment as herein mentioned.    Said fans, blowers, pipes and hoods shall be properly fitted and adjusted and of power and dimensions sufficient to effectually prevent the dust, filaments, or injurious gases produced, or generated by said machines, contrivances, or *apparati* from escaping into the atmosphere of the room or rooms of said factory, workshop or other establishment, where persons are employed.

"Sec. 11. Be it further enacted, that not less than two hundred and fifty (250) cubic feet of air space shall be provided for each employee or operative at work in a room or place within the meaning of this act between the hours of six o'clock in the morning, and the hours of six o'clock in the evening, and not less than four hundred (400) cubic feet of air space for each person so employed between the hours of six o'clock in the evening and six o'clock in the morning.

"Sec. 12. Be it further enacted, that in places of amusement wherein five or more employees are engaged in duties that appertain thereto, the owners, managers, proprietors or other persons in charge, shall provide that such places shall be well ventilated and that adequate and sufficient fire protection shall be maintained and that all exit doors of such amusement places shall be opened outward, wherein in addition to the said five employees fifty or more patrons might be congregated.

"Sec. 13. Be it further enacted, that no person shall hire, employ, or contract with another to manufacture, alter, repair, or finish any article in any room, apartment, or tenement, unless said room, apartment or tenement, shall be well lighted and ventilated, and shall contain at least five hundred (500) cubic feet of air space for every person working therein. Provided, that where children under the age of sixteen years live in such room, apartment, or tenement, they shall not engage in any work above specified without first obtaining a permit so to do from the bureau of workshop and factory inspection.

"Sec. 14. Be it further enacted, that the chief or deputies of the bureau of workshop and factory inspec-

tion shall have authority to ascertain the average weekly wages of all employees other than officers, and that the failure or refusal on the part of any manager, owner, foreman or other person in charge of any industry under inspection or investigation to furnish such information or answer any question pertaining to any inspection or investigation, shall constitute a violation of this act, and said manager, owner, foreman or other person found guilty thereof shall be punished as provided for herein.

"Sec. 15. Be it further enacted, that any owner, manager, foreman, or other person who may refuse, fail or neglect to comply with the orders' issued by said 'chief or deputies shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty ($50) dollars, nor more than one hundred ($100) dollars, and in addition thereto a fine of five ($5) dollars for each day after the time limit elapsed until said order is carried out acceptably to said bureau chief or said deputies.

"Any fine thus imposed shall through the county court be paid to the State treasurer and be credited to the bureau of workshop and factory inspection, and shall be used in paying the incidental expenses of said bureau.

"Sec. 16. Be it further enacted, that no person shall remove or make ineffective any safeguard around or attached to any machinery, vats, pans or apparatus, except for the purpose of making repairs thereon, and all safeguards so removed shall be replaced promptly. Provided, when the machine or any part thereof is found to be in dangerous condition a notice shall be attached thereto, and such notice shall not be removed until the

machinery is made safe, and the required safeguards are provided, and in the meantime such unguarded or dangerous machinery shall not be in use.''

Section 17 is as follows: ''Be it further enacted, that every person, firm or corporation operating a factory, workshop or other establishment, required to be inspected under the provisions of this act, where there is installed and used machinery, or mechanical devices or apparatus, the use and operation of which are calculated to be hazardous in any degree, shall pay to the comptroller of the State of Tennessee for the use of the State, an inspection fee for each inspection made by the chief inspector of workshops or factories or any of his deputies according to the following schedule:

Industries employing not less than 5 nor more than 9 persons .......................... $ 5.00
Industries employing not less than 10 nor more than 24 persons ......    ................ 7.50
Industries employing not less than 25 nor more than 49 persons ......................... ·15.00
Industries employing not less than 50 nor more than 99 persons ............···........... 25.00
Industries employing not less than 100 nor more than 249 persons ......................... 35.00
Industries employing not less than 250 nor more than 499 persons ......................... 50.00
Industries employing not less than 500 nor more than 999 persons ........................ 75.00
Industries employing more than 1,000 persons . 100.00''

Section 18 provides that not more than one inspection shall be paid for during any one year.

Section 19 fixes the salaries of the inspectors.

It is unnecessary to refer to the other sections.

It is the duty of the court, in the interpretation of statutes, to ascertain and give effect to the legislative intent, and in order to arrive at this purpose the court must consider the act as a whole.

The title to the act in question cannot be said to be in any sense restrictive, but is broad and comprehensive, creating a new department with officers to conduct it and referring to the body of the act for their powers and duties.

Taking the act as a whole, it is apparent that the legislature had in mind the creation of a bureau of workshop and factory inspection for the purpose of regulating such institutions as fall within its purview, looking to the preservation of the life and health of those employed therein.

With this object in view said bureau was charged with the duty of seeing that the premises of such establishments are kept in a sanitary condition; that a proper sewerage system is maintained; that the rooms in which the work is carried on are properly heated, lighted, and ventilated; that proper exits in case of fire or other disasters are provided; that the machinery is not so located as to be dangerous to employees when engaged in their ordinary duties; that certain safeguards are provided for the prevention of accidents, etc.

All of the foregoing provisions are contained in section 5, and undeniably tend to preserve the life and health of the employees. The sections complained of are,

in the main, amplifications of section 5. Section 9 provides for proper ventilation to avoid injury to health.

It is only necessary to read the other sections complained of to see that they fall within the same category.

As previously stated, the purpose of the entire act was the preservation of the life and health of the large body of our citizens who work in such institutions, and in order to effectuate that intention the department of workshop and factory inspection was created, with the power to inspect and regulate such institutions.

None of the sections complained of are in any sense foreign to or incongruous with the subject of the act, but every provision is germane to the subject. All of the requirements of the act, whether incumbent upon the officers or the employers, are related and have a common purpose, viz., the preservation of the life and health of the employees of the designated institutions.

All of the provisions of the act tend to the same end. They are consistent parts of one general scheme. Although the act is both civil and criminal in its nature, yet the subject of legislation is single, and it is not therefore invalid. *State* v. *Yardley*, 95 Tenn., 557, 32 S. W., 481, 34 L. R. A., 656.

We are therefore of the opinion that the body of the act does not contain two subjects, as insisted by the complainants, and hence, same does not violate article 2, section 17, of the constitution.

It is next insisted that the chancellor erred in not holding that said act is unconstitutional on the grounds that an inspection fee which is many times the cost of the inspection and therefore excessive, and which is

paid into the State treasury and provides revenue for general State purposes, renders the act void, in that it is in contravention of section 28 of article 2 of the constitution of Tennessee, as to uniformity in taxation.

Article 2 of section 28 of the constitution is as follows: "All property shall be taxed according to its value, that value to be ascertained in such manner as the legislature shall direct, so that taxes shall be equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of the same value."

This contention is based upon the allegations of the bill that an inspector for this bureau spent less than two hours in going over and inspecting complainants' plant, and left after making one or two minor recommendations for safeguarding the employees in the plant, and that thereafter the comptroller demanded of complainants a fee of $50, under said act, for said inspection. The fee demanded is not in contravention of the constitutional provision invoked.

The act in question is a police regulation, enacted for the preservation of the life and health of those working in the establishments enumerated therein. The legislature had the right to require the payment of reasonable fees for the purpose of providing a fund for defraying the costs of maintaining the bureau. The fact that a surplus remains after the payment of all expenses will not affect the validity of the act.

The opinion of this court in *Rhinehart* v. *State*, 121 Tenn., 420, 117 S. W., 508, 17 Ann. Cas., 254, is decisive

of this contention, and we make reference thereto for a full discussion of this question.

The complainants undertake to differentiate that case from this one upon the statement in the opinion to the effect that the insurance companies would be benefited by the enforcement of the act involved. Conceding that to be a determinative fact, it can be stated with equal confidence that the institutions affected by the act in question will be benefited by its enforcement. It will avoid accidents and delays, will insure better attendance and greater efficiency on the part of employees, and, having a modern plant, from the standpoint of safety and health, will make it easier to secure labor.

Upon the whole, we find no constitutional objection to the act. The chancellor held the act to be constitutional, and his decree will be affirmed, with costs.