George M. TIDWELL, Commissioner of Revenue of the State of Tennessee, Appellant,

v.

SERVOMATION–WILLOUGHBY COMPANY, Inc., et al., Appellees.

Supreme Court of Tennessee.

July 24, 1972.

David M. Pack, Atty. Gen. of Tenn., Milton P. Rice, Deputy Atty. Gen., Nashville, for appellant.

P. V. Jackson, III, Nashville, for appellees.

OPINION

CHATTIN, Justice.

Appellees instituted this suit seeking to recover certain penalties on gross receipts taxes which penalties were paid under protest.

The facts are undisputed.

Appellees are a chain of corporations engaged in the vending machine business. They have elected to pay taxes on the gross receipts of their business in lieu of privilege and sales taxes.

On August 4, 1970, appellees paid appellant a sum equal to one-fourth of their gross receipts privilege tax for the fiscal year beginning July 1, 1970, and ending

July 1, 1971. They paid interest of six per cent per annum for the four day delinquency and also a penalty of ten per cent on the amount of one quarter of the annual tax.

Thereafter, appellant advised appellees because of their failure to remit the first quarterly installment of their 1970 gross receipts privilege tax on August 1, 1970, they had forfeited their option to pay the tax on a quarterly basis and were required to pay the entire amount of the 1970–71 tax, plus a penalty of ten per cent and interest of six per cent per annum for the four days of delinquency.

Appellees excepted and refused to comply. However, on December 15, 1970, appellees paid franchise and excise taxes for the fiscal year ending September 1, 1970. The appellees requested a credit for such franchise and excise tax payments against the annual gross receipts privilege tax demanded by appellant, prior to the computation of any penalties thereon. Appellant declined to grant such a credit.

On June 24, 1971, appellees paid appellant under protest the sum of $6,320.65. Thereafter, this suit was filed.

Appellant rested his defense on General Revenue Law Rule and Regulation No. 9, which was promulgated by the Commissioner on May 20, 1968, under authority of T.C.A. Section 67–4302, which specifically authorizes the Commissioner of Revenue to formalize rules and regulations for the enforcement of T.C.A. Chapters 40–43, inclusive, of Title 67. It is therein provided:

"Rules and regulations not inconsistent with said chapters when promulgated by the commissioner, and approved by the attorney-general, shall have the force and effect of law."

General Revenue Law Regulation No. 9 reads as follows:

"Any person desiring to exercise the option of paying his tax on a quarterly installment basis under provisions of Section 67–4318, Tennessee Code Annotated, shall make timely payment of the first installment on or before the first day of August and failing to make such timely payment, together with any unpaid gross receipts privilege tax due for a prior period, shall not have the option of paying his tax on a quarterly installment basis, but shall be required to pay the entire amount of the annual tax, plus a penalty of ten per cent (10%) of the annual tax, together with interest at the rate of six per cent (6%) per annum on the tax and penalty."

The Chancellor found the aforesaid rule and regulation was inconsistent with T.C.A. Section 67–4318. He, therefore, found appellees had not forfeited their right to pay the tax on a quarterly basis and gave judgment against appellant for the sum paid under protest. He did not reach the question of credit for the franchise and excise tax payments.

Appellant perfected an appeal to this Court and insists the Chancellor erred in holding a taxpayer may avail himself of the privilege of paying the gross receipts privilege tax in quarterly installments, as provided by T.C.A. § 67–4318, after being in default on August 1 of the taxable year.

A determination of the question presented depends on a proper construction of T.C.A. § 67–4318, which reads as follows:

"Any person failing to file report and pay the tax found to be due in accordance with the provisions of §§ 67–4315— 67–4323 on or before August 1 of any year shall, as a penalty for such failure, pay an additional amount of ten per cent (10%), together with interest at the rate of six per cent (6%) per annum on the total amount of the tax and penalty in-

curred. Provided, that any person subject to the gross receipts tax imposed by chapters 40 to 43, inclusive, of this title shall have the option of paying his tax on a quarterly instalment basis by paying one-fourth (¼) of the tax due on the first day of August, and an additional one-fourth (¼) of the tax that may be due on each of the first days of November, February and May; provided further, that any person so exercising this option shall be required to pay interest at the rate of six per cent (6%) per annum on any payment made after the first day of August under the foregoing provisions. Any person failing to pay the appropriate instalment of this tax when it shall become due, shall be required to pay as a penalty for such failure, a penalty of ten per cent (10%) of the instalment in addition to interest at the rate of six per cent (6%) per annum on the tax and penalty."

■ In reaching a proper construction of the statute, it should be pointed out that the tax here involved is an annual tax and not a quarterly tax. Automatic Merch. Co. v. Atkins, 205 Tenn. 547, 327 S.W.2d 328 (1959); T.C.A. § 67–4317. The gross receipts privilege tax is for the fiscal year beginning on July 1 of the taxable year and ending on July 1 of the following year "measured by gross receipts for the preceding fiscal or calendar year" and payable on August 1 of the taxable year. T.C.A. Section 67–4317.

■ The legislative intent controls the construction of statutes. A statute should be construed as a whole and "we should and will assume the legislature used each word in a statute purposely and the use of these words conveyed some intent and had a meaning and a purpose." Anderson, Fish and Oyster Co. v. Olds, 197 Tenn. 604, 277 S.W.2d 344 (1955).

■ It is apparent the legislative intent of T.C.A. Section 67–4318 was to permit a taxpayer of the gross receipts privilege tax to either pay the entire tax on or before August 1 of the taxable year; or, at his option, to pay the tax in quarterly installments by paying one-fourth of the tax due on the first day of August, etc., "under the foregoing provisions."

It is clear from the language of both T.C.A. Sections 67–4317 and 67–4318 that the entire amount of the tax is due and payable on August 1 of the taxable year unless the taxpayer exercises the option to pay quarterly by paying one-fourth of the annual tax on or before August 1 of the taxable year.

The Chancellor evidently lifted the words "any person so exercising this option shall be required to pay interest at the rate of six per cent (6%) per annum on any payment made after the first day of August" out of context to arrive at his construction the option was not forfeited.

The Chancellor specifically held:

"Under the statute the complainants' right to exercise their option of paying taxes on a quarterly basis for the tax year 1970–1971 was not forfeited when complainants paid the first quarter of their gross receipts taxes on August 4, 1970. Under the statute complainant taxpayers were required to pay interest at the rate of six per cent (6%) per annum for four days plus a penalty of ten per cent (10%) of the total tax due on the first quarter, this complainants have done."

■ The meaning of a statute is to be determined, not from special words in the single sentence or sections, but from the statute taken as a whole and viewing the legislation in light of its general purposes. Cummings v. Sharp, 173 Tenn. 637, 122 S. W.2d 423 (1938).

It is clear from reading the entire statute the only payment to be made after the first day of August of the taxable year by

a taxpayer who has failed to make any payment on the first day of August is the entire tax, plus a penalty of ten per cent and interest of six per cent on the total amount of the tax and penalty.

It is, also, clear a taxpayer who has exercised the option to pay on a quarterly basis by paying the first installment on the first day of August is required to pay interest on the three remaining installments when due and on default of any remaining installment when due a penalty of ten per cent in addition to interest of six per cent on the tax and penalty.

This is readily seen when the words "under the foregoing provisions" are added to the words quoted above as having been lifted from context.

Moreover, to construe the statute as the Chancellor has would render the first sentence of the statute meaningless.

Such construction also runs afoul of T. C.A. Section 67–4317 and the opinion of this Court in Automatic Merch. Co. v. Atkins, supra, which declares the tax to be an annual tax.

Under the construction placed on the statute by the Chancellor, the taxpayer could exercise the option any time after the first day of August of the taxable year and thereby destroy the legislative intent.

The decree of the Chancellor is reversed and the cause remanded for determination of the issue of whether appellees are entitled to a credit against their gross receipts tax liability for having paid their franchise and excise taxes for the fiscal year ending October 1, 1970.

Appellees will pay the costs of this appeal.

DYER, C. J., McCANLESS, J., and JENKINS, Special Justice, concur.

CRESON, J., not participating.