# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 5, 2002 Session

## MCLANE COMPANY, INC. v. STATE OF TENNESSEE

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 02-306-I     The Honorable Irvin H. Kilcrease, Jr., Chancellor**

---

### No. M2002-00838-COA-R3-CV - Filed December 11, 2002

---

Licensed wholesale tobacco distributor filed petition against the State seeking the disclosure of identities of all licensed tobacco wholesale distributors in the State of Tennessee pursuant to the provisions of the Tennessee Public Records Act. State opposed petition on the grounds that disclosure of this information was controlled by the taxpayer confidentiality provisions of the revenue statutes. Chancery Court granted petition and ordered disclosure of the names and addresses of all licensed wholesale tobacco distributors in Tennessee but, on the state's motion, stayed its order pending appeal. State appeals. We reverse and dismiss.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Dismissed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Jack D. Kopald, Assistant Attorney General, For Appellant, State of Tennessee

Peter H. Curry, Nashville, For Appellee, McLane Company, Inc.

### OPINION

This is a case of statutory interpretation. Petitioner, McLane Company, Inc. ("McLane"), is a wholesale tobacco distributor, licensed to distribute tobacco products in the State of Tennessee. McLane filed a request with the Tennessee Department of Revenue ("Department") seeking "access to those records maintained by the Department pursuant to T.C.A. § 67-4-1015[1] with regard to the

---

[1] T.C.A. § 67-4-1015(a) (2001) requires:

Every person engaged in the business of selling, distributing or handling tobacco

(continued...)

identity of those entities who have applied for and received licenses as wholesale distributors of tobacco products." The Department refused McLane's request, relying upon the taxpayer confidentiality guidelines set forth in T.C.A. § 67-1-1702 (Supp. 2002), classifying taxpayer information as confidential. In denying McLane's request, the Department maintained that "tax information," as defined in T.C.A. § 67-1-1701(7) (Supp. 2002), includes a taxpayer's identity.[2]

On January 29, 2002, pursuant to T.C.A. § 10-7-505, McLane filed a petition in chancery court seeking an order requiring the Department to release the identities of all licensed wholesale tobacco distributors in Tennessee. McLane's petition further stipulated that it was seeking only the disclosure of the identities of tobacco wholesale distributors licensed under T.C.A. § 67-4-1015, and not the disclosure of the tax information or returns of these individuals, protected by the taxpayer confidentiality statutes. As support for this request, McLane noted that the identities of these wholesalers did not fall "within the purview of T.C.A. § 67-1-1702 dealing with an individual's tax records."

The State filed a Motion to Dismiss the petition for failure to state a claim upon which relief can be granted. As grounds for this motion, the State asserted that the revenue statutes control the disclosure of taxpayer identity information where a party seeks to compel disclosure of identifying information pertaining to licensed wholesale tobacco distributors. The State noted that "T.C.A. § 67-1-1701 and § 67-1-1702 specifically provide that taxpayer identity is confidential information which shall not be disclosed by the department of revenue."

A hearing was held on McLane's petition and the State's motion to dismiss on February 11, 2002. In an Order filed March 12, 2002, the chancellor denied the State's motion and granted McLane's petition. We quote from the Order of the court.

> The Court is of the opinion that T.C.A. § 67-1-1702 does not prohibit the disclosure by the Tennessee Department of Revenue of the names and addresses of those entities which have been granted a license by the State of Tennessee to distribute tobacco products. By necessity, under the statutes there is a two step process in qualifying to distribute tobacco products in Tennessee. The entity must first be licensed by the Department of Revenue to distribute tobacco products

---

[1](...continued)
products in this state, and required to be licensed pursuant to the provisions of this part, shall, on or before May 31 in each year, file with the commissioner an application for a license authorizing the person to engage in such business. Any person commencing business subsequent to May 31, shall apply for such license prior to or concurrent with the commencement of the business.

[2] "Taxpayer identity" is defined in T.C.A. § 67-1-1701(8) to mean the "name of a person subject to a tax collected or administered by the commissioner, the person's mailing address, the person's taxpayer identifying number or account number, or a combination thereof."

and then pay taxes to the Department of Revenue based on the sale of such products. The prohibition contained in T.C.A. § 67-1-1702 applies to tax information which would be information such as tax payers tax return, declaration of estimated tax, request for a refund or waiver of penalty as set out in T.C.A. § 67-1-1701(5).

It is, therefore, ORDERED that Respondent's Motion to Dismiss is denied and the Respondent is ordered pursuant to the provisions of T.C.A. § 10-7-505 to provide to Petitioner the names, mailing and location addresses of those entities currently licensed under the provisions of T.C.A. § 67-4-1015 as a wholesale dealer and jobber or as a tobacco distributor. The costs of this cause are assessed against the Respondent for which execution may issue.

The State appeals and presents for review the sole issue of whether the Department of Revenue is required to disclose for public inspection, the identities of taxpayers licensed by the State as wholesale tobacco distributors. Resolution of the conflict in this case hinges on the interpretation of the revenue statutes codified in Title 67, Chapter 1, of the Tennessee Code Annotated in relation to T.C.A. § 10-7-503 (Supp. 2002).

The primary purpose in construing statutes is to ascertain and give effect to the intention and purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840 (Tenn. 2000). The meaning of the statute is to be determined not from the special words in a single sentence or section but from the statute taken as a whole and viewing the legislation in light of its general purpose. *Tidwell v. Servomation-Willoughby Co.*, 483 S.W.2d 98 (Tenn. 1972). The legislative intent is to be ascertained primarily from the natural and ordinary meaning of the statutory language without a forced or subtle interpretation that would limit or extend the statute's application. *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73 (Tenn. 2001); *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn. Ct. App. 1983). In construing statutes, it is the duty of the court to avoid a construction which will place one statute in conflict with another. Therefore, the court should resolve any possible conflict between the statutes in favor of each other whenever possible so as to provide harmonious operation of the laws. *State by & Through Pierotti v. Sundquist*, 884 S.W.2d 438 (Tenn. 1994).

T.C.A. § 10-7-503 (Supp. 2002) provides in pertinent part:

(a) Except as provided in § 10-7-504(f), all state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of

-3-

Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, ***unless otherwise provided by state law.*** (Emphasis added).

Section 67-1-1702 (Supp. 2002), which governs confidentiality and disclosure of tax returns and tax information, provides:

**Confidentiality.** - *Notwithstanding any provision of law to the contrary*, returns, tax information and tax administration information shall be confidential and, except as authorized by this part, no officer or employee of the state and no other person (or officer or employee thereof) who has or had access to such information shall disclose any such information obtained by such officer or employee in any manner in connection with such officer's or employee's service as an officer or employee, or obtained pursuant to the provisions of this part, or obtained otherwise. (Emphasis added)

"Tax information" is defined in T.C.A. § 67-1-1701(7) (Supp. 2002) as:

[A] taxpayer's identity, the nature, source, or amount of the taxpayer's income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax collected, deficiencies, over assessments, or tax payments, whether the taxpayer's return was, is being, or will be, examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by, the commissioner with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other penalty, imposition or offense, administered by or collected by the commissioner, either directly or indirectly. "Tax information" does not include data in a form which cannot, either directly or indirectly, be associated with, or otherwise be used to identify, directly or indirectly, a particular taxpayer.

The legislature defines "taxpayer identity" to mean:

[T]he name of a person subject to a tax collected or administered by the commissioner, the person's mailing address, the person's taxpayer identifying number or account number, or a combination thereof.

T.C.A. § 67-1-1701(8) (Supp. 2002).

Ruling that the prohibition contained in T.C.A. § 67-1-1702 applies only to tax information such as information in the form of taxpayer returns, declarations of estimated tax, claims for refund, and petitions for waiver of penalty, the trial court found favor in McLane's argument that disclosure of the names and addresses of entities licensed by the State for the wholesale distribution of tobacco is governed by the Tennessee Public Records Act. In reaching its decision, the court was apparently persuaded by McLane's interpretation of T.C.A. §§ 67-1-1702 and 67-1-1701(7). In interpreting these sections, McLane suggests a limited construction to the definition of "tax information" set forth in § 67-1-1701(7), reading this definition to apply only to information provided to the Department regarding tax returns or tax liability. Any information not related to a taxpayer's return or liability, according to McLane, falls outside the realm of confidentiality afforded tax information under § 67-1-1702. McLane further suggests that § 67-1-1701(5) "limits the definition of 'return' to those documents filed by a taxpayer to determine his liability." Applying these narrow interpretations, McLane asserts, and the trial court agreed, that the information sought by petitioner was not protected under T.C.A. § 67-1-1702.

From our reading of the trial court's Order, it is also apparent that the court determined that information collected by the Department for purposes of granting licenses to wholesale tobacco distributors is wholly separate and distinct from the information collected by the Department for tax administration. On this basis, the trial court concluded that the confidentiality provisions contained within T.C.A. § 67-1-1702 did not apply to identifying information gathered under T.C.A. § 67-4-1015 for the purposes of issuing licenses to wholesale tobacco distributor applicants.

T.C.A. § 67-1-1702 unequivocally states that "*returns and tax information* shall be confidential." (emphasis added). Tax information is defined in 67-1-1701(7) to include a taxpayer's identity. The proceeding subsection defines "taxpayer identity" as the "name of a person subject to a tax collected or administered by the commissioner, [and] the person's mailing address." Throughout Title 67, Chapter 1, Section 17, the terms tax "returns" and "tax information" are used together in the same sentence. The terms are not used interchangeably, but rather together in the interest of addressing or including both tax returns and tax information collected from sources other than tax returns. As support for our interpretation of the statutory language set forth in T.C.A. § 67-1-1702, we point to the fact that the above terms are separately defined in T.C.A. § 67-1-1701 in the chapter heading, "Disclosure of Tax Returns and Tax Information." By specifying that "[r]eturns *and* tax information shall be confidential," the statute mandates confidentiality with regard to returns and tax information respectively. If tax information was merely considered an element of a tax return, the phrase "returns and tax information" would be a redundant and unnecessary distinction.

We are unable to accept the trial court's reasoning that the legislature, despite offering distinctively separate definitions for the terms "returns" and "tax information," intended the confidentiality provisions of T.C.A. § 67-1-1702 to be limited to information contained within or pertaining to tax returns. Rather, it appears that the legislature, by providing individual definitions for the respective terms, and by including both terms in T.C.A. § 67-1-1702, intended the confidentiality provisions to apply to both tax return data and tax information – information that includes the taxpayer's identity.

The trial court further determined that "[b]y necessity, under the statutes there is a two step process in qualifying to distribute tobacco products in Tennessee." The trial court notes that a distributor must first obtain a license from the Department, and then pay taxes to the Department based on tobacco sales. In order to receive such a license, the applicant must submit certain identifying information to the commissioner as required under T.C.A. § 67-4-1015. We interpret the trial court's rationale to suggest that T.C.A. § 67-1-1702 protects only tax information, and as a result, the confidentiality guidelines of this section cannot be extended to protect identifying information gathered by the Department as part of its licensing duties, as this process is separate and distinct from the taxing function.

While we recognize that the licensing and taxing functions performed by the Department are separate and distinct in nature, we find no statutory language that the confidentiality provisions of T.C.A. § 67-1-1702 do not apply to information collected by the Department during the licensing procedure. Under T.C.A. § 67-4-1002, a wholesale tobacco distributor is required to pay a tax to the Department for the privilege of selling tobacco products in Tennessee. A tobacco distributor is defined as "any *person* who receives, purchases, sells or otherwise handles tobacco products as a secondary wholesaler." *See* T.C.A. § 67-4-1001(15) (1998) (emphasis added). The term "person" is similarly defined in the Tobacco Tax Law statutes and the Disclosure of Tax Returns and Tax Information statutes to include "every individual, firm, association, joint-stock company." T.C.A. § 67-4-1001 (9); *cf.* T.C.A. § 67-1-1701(4). Under T.C.A. § 67-1-1702, tax information, including a taxpayer's identity, shall remain confidential. As defined, the term "taxpayer identity" includes the "name of a *person subject to a tax collected or administered by the commissioner*, the person's mailing address, the person's taxpayer identifying number or account number, or a combination thereof." *See* T.C.A. § 67-1-1701(8) (emphasis added).

Applying the defined terms and statutes noted above to the facts of this case, we find that T.C.A. § 67-1-1702, when read on its face, mandates that the identities of taxpayers licensed under T.C.A. § 67-4-1015 to engage in the wholesale distribution of tobacco in Tennessee, remain confidential. Support for this conclusion is further found in a comparison between the tobacco tax laws and the statutes governing the taxation of petroleum products. Specifically, we highlight T.C.A. § 67-3-2011 (1998) which provides:

> A current list of licensees, with applicable federal employer identification numbers, shall be provided to all licensees, as is deemed necessary by the commissioner. Disclosure of this information by the commissioner shall not constitute a violation of any confidentiality requirement imposed by chapter 1, part 17 of this title.

Under T.C.A. § 67-3-2011, the general assembly allowed the commissioner of the Department of Revenue to provide all licensees with a current list of licensees and implicitly recognized the application of the confidentiality provisions set forth in Chapter 1, Part 17, of Title 67, which

includes T.C.A. § 67-1-1702, to the list of codified statutes in Title 67. The general assembly could have included a similar provision in the tobacco tax law statutes in the event that the legislature intended to allow public access to and disclosure of the identities of licensed wholesale tobacco distributors. By failing to include a similar statute governing the publication of a list citing all current licensed wholesale tobacco distributors, it appears that the general assembly did not intend to require the Department to disclose the identities of these distributors. It appears that the legislature's reference in T.C.A. § 67-3-2011 to the confidentiality provisions of T.C.A. § 67-1-1702, effectuates the legislature's intent that T.C.A. § 67-1-1702 apply to all of the statutes codified in Title 67, Chapter 1, including T.C.A. § 67-4-1015, unless otherwise indicated.

As a concluding note, we point out that the legislature in amending the confidentiality statute, T.C.A. § 67-1-1702, added the language "notwithstanding any provision of law to the contrary." *See* chapter 982, section 40, Public Acts 2000.

In light of the statutory language discussed above, whether the limited information sought by petitioner shall be provided as a public record is a matter for the legislature and not this Court. Accordingly, the order of the trial court is vacated and McLane's petition is dismissed. Costs of the appeal are assessed to appellee, McLane Company, Inc.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.