IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 20, 2008 Session

# FREDERICK BERTRAND, a citizen and resident of Benton County, Tennessee v. THE REGIONAL MEDICAL CENTER AT MEMPHIS, a Tennessee Corporation, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-006601-04     John R. McCarroll, Jr., Judge

No. W2008-00025-COA-R3-CV - Filed September 23, 2008

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Joe Bednarz, Sr., Nashville, Tennessee and Steven R. Walker, Memphis, Tennessee, for the appellant, Frederick Bertrand.

James F. Kyle and Victoria S. Rowe, Memphis, Tennessee, for the appellee, The Regional Medical Center at Memphis.

## OPINION

This appeal arises from an October 2003 medical malpractice action filed against The Regional Medical Center at Memphis ("the Med") and several physicians. Plaintiff voluntarily non-suited his action and re-filed it within the one-year period provided by the savings statute codified at Tennessee Code Annotated § 28-1-105. The trial court awarded summary judgment to the Med upon determining Plaintiff could not rely on the savings statute where the General Assembly had amended the Governmental Tort Liability Act ("the GTLA"), bringing the Med within the scope of the GTLA as codified at Tennessee Code Annotated § 29-20-101 (2007 Supp.), *et seq*. The amendment became effective July 1, 2003. On November 26, 2007, the trial court entered final judgment in favor of the Med pursuant to Tennessee Rule of Civil Procedure 54.02. Plaintiff filed a timely notice of appeal to this Court. We affirm.

*Background*

The facts relevant to our disposition of this matter on appeal are not disputed. Plaintiff/Appellant Frederick Bertrand (Mr. Bertrand) underwent back surgery at the Med in October 2002. On July 1, 2003, Tennessee Code Annotated § 29-20-102(3)(B), as amended, became effective. The amendments to this provision brought the Med into the purview of the GTLA.

On October 17, 2003, Mr. Bertrand filed a cause of action in the Circuit Court for Shelby County against the Med and several physicians alleging medical malpractice. In his complaint, Mr. Bertrand alleged he was permanently, seriously, and negligently injured as a result of the October 2002 surgery. Mr. Bertrand voluntarily non-suited his action by order entered by the trial court on December 5, 2003. Relying on the savings statute, Mr. Bertrand re-filed his action against the Med on November 17, 2004.

The Med answered, denying Mr. Bertrand's allegations and asserting Mr. Bertrand had failed to state a claim upon which relief could be granted. The Med moved for summary judgment in August 2007. In its motion and memorandum of law, the Med asserted that, when Mr. Bertrand filed his original action in October 2003, it was protected under the auspices of the GTLA. The Med asserted that, because the savings statute is not applicable to governmental entities under the GTLA, Mr. Bertrand could not rely on the savings statute and his action was, therefore, time-barred as a matter of law.

In his response, Mr. Bertrand asserted that, because his injury accrued before section 102 of the GTLA, as amended, became effective, application of the GTLA to his cause of action was a retroactive application of the statute. Mr. Bertrand further asserted that his right to pursue his action against the Med was "based upon the law in effect on October 21, 2002." He argued that, because the Med was not within the purview of the GTLA when his injury occurred, the GTLA could not be construed so as to bar application of the savings statute to his cause of action. Mr. Bertrand asserted that nothing in section 29-20-102, as amended, indicated that the amendments were intended to be retrospectively applied. He argued that, because his cause of action accrued prior to the effective date of the amendment applicable to the Med, he had a right to rely on the savings statute. The trial court entered final judgment in favor of the Med pursuant to Rule 54.02, and this appeal ensued.

### *Issues Presented*

Mr. Bertrand raises the following issue for our review:

Whether the trial court erred in granting the motion for summary judgment by Defendant Shelby County Health Care Corporation, d/b/a Regional Medical Center at Memphis, based upon a legislative change in the law which change occurred after the cause of action accrued.

### *Standard of Review*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). When determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### *Analysis*

As we observed above, and as the parties note, the material facts relevant to the issue presented on appeal are not in dispute. Our analysis of the issue presented in this case requires us to determine whether, as a matter of law, Tennessee Code Annotated 29-20-102(3)(B), as amended effective July 1, 2003, bars Mr. Bertrand's reliance on the savings statute to re-file his action beyond the one-year statute of limitations period.[1] It is well-settled that the court's primary purpose when

---

[1]Tennessee Code Annotated section 29-20-102(3) provides:

(3)(A) "Governmental entity" means any political subdivision of the state of Tennessee including, but not limited to, any municipality, metropolitan government, county, utility district, school district, nonprofit volunteer fire department receiving funds appropriated by a county legislative body or a legislative body of a municipality, human resource agency, public building authority, and development district created and existing pursuant to the constitution and laws of Tennessee, or any instrumentality of government created by any one (1) or more of the named local governmental entities or by an act of the general assembly;

    (B) In any county having a population not less than eight hundred ninety-seven thousand four hundred (897,400) and not more than eight hundred ninety-seven thousand five hundred (897,500), according to the 2000 federal census or any subsequent federal census, "governmental entity" means any political subdivision of the state of Tennessee including, but not limited to, any municipality, county, utility district, school district, nonprofit volunteer fire department receiving funds appropriated by a county legislative body or a legislative body of a municipality, human resource agency, public building authority, development district created and existing pursuant to the constitution and laws of Tennessee, or any instrumentality of government created by any one (1) or more of the local governmental entities named in this subdivision (3)(B) or by an act of the general assembly, or nonprofit public benefit corporation operating a hospital whose voting board of directors or governing body is appointed, designated or elected by one (1) or more of the local governmental entities named in this subdivision (3)(B), and which hospital corporation either:

        (i) Receives funds appropriated by a county legislative body or a legislative body of a

(continued...)

construing a statute is to ascertain and give effect to the intention and purpose of the legislature. *McLane Co., Inc. v. State of Tennessee*, 115 S.W.3d 925, 928 (Tenn. Ct. App. 2002)(citations omitted). The meaning and intent of a statutory section is to be ascertained in light of the general nature and purpose of the statute as a whole, and not from the special or singular words in a sentence or section. *Id.* Insofar as possible, the legislature's intent is to be ascertained from the natural and ordinary meaning of the language employed by the legislature, without a forced or subtle interpretation that would limit or extend the statute's application or purpose. *Id.* The court should seek to avoid a construction that would result in a conflict between statutes. *Id.* Accordingly, insofar as possible, statutes should be construed so as to provide a harmonious operation of the laws. *Id.* The construction of a statute is a question of law which we review *de novo* with no presumption of correctness attached to the determination of the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

In his brief to this Court, Mr. Bertrand asserts that the law applicable to his action is the law in effect on the date of the injury. He argues that, although the Med was within the purview of the GTLA when he filed his claim, the GTLA was not applicable to the Med in October 2002, when he was allegedly injured. He argues that to apply the provisions of the GTLA to his cause of action results in a retroactive application of the statute. He further argues that his right to bring an action against the Med accrued at the time of injury and before the effective date of the amendment to section 102, and that the Med could not be protected by the GTLA when it was not within its purview in October 2002.

The Med, on the other hand, asserts that it clearly was within the purview of the GTLA when Mr. Bertrand filed his claim against it, and that section 102, as amended, applies to all actions brought on or after July 1, 2003. Although the Med devotes a considerable part of its brief to demonstrating that the savings statute is not applicable to actions against entities within the gambit of the GTLA, Mr. Bertrand does not assert otherwise. Rather, the determinative issue in this case is whether the 2003 amendment bars an action brought after the effective date, July 1, 2003, where the injury occurred before the amendment became effective.

We note that section 2 of the public act amending Tennessee Code Annotated § 29-20-102 provides:

---

[1](...continued)
municipality; or
     (ii) Receives or leases hospital real property from a county and/or municipality.
Such hospital corporation shall be subject to the Open Meetings Law, compiled in title 8, chapter 44, and subject to the Open Records Law, compiled in title 10, chapter 7, to the extent that other local government hospitals and government hospital authorities are subject to such laws[.]

(a) This act shall take effect July 1, 2003, the public welfare requiring it, and is repealed effective June 30, 2006, except to the extent otherwise provided by subsection (b).

(b) The provisions of this act shall apply to *all claims filed* on and after July 1, 2003 through June 30, 2006, even if the claims are filed subsequent to June 30, 2006.[2]

Acts 2003, ch. 321, § 2 (emphasis added); Tenn. Code Ann. § 29-20-102(B)(compiler's notes)(Supp. 2007). Clearly, the legislature intended that the 2003 amendments to section 29-20-103(3)(B) apply not only to actions arising from injuries sustained after July 1, 2003, but to "all claims filed" on or after that date. The amended statute was applicable to Mr. Bertrand's action when it was filed in October 2003.

We must disagree with Mr. Bertrand's assertion that the 2003 amendment retroactively impairs a vested right to bring an action against entities such as the Med. It does not. The 2003 amendment brings actions against such entities within the limitations of the GTLA, it does not remove the right to a cause of action. Further, contrary to Mr. Bertrand's argument, application of the GTLA as amended to all claims filed on or after July 1, 2003, offends no constitutional consideration in this case.

The savings statute, as codified at Tennessee Code Annotated § 28-1-105, enables a diligent plaintiff to re-file his action within a brief period when it is dismissed by a judgment other than a judgment on the merits. *McGee v. Jacobs*, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007)(citations omitted). It is remedial in nature and is liberally applied. *Maino v. Southern Co., Inc.,* 253 S.W.3d 646, 651 (Tenn. Ct. App. 2007)(citing *Sharp v. Richardson*, 937 S.W.2d 846, 849 (Tenn. 1996)). However, reliance on the savings statute is not a constitutional right. The savings statute is a creation of the General Assembly, and it simply does not apply to actions brought against entities within the purview of the GTLA. *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001). Section 29-20-102(3)(B) undisputedly applies to all claims filed on or before July 1, 2003, and Mr. Bertrand undisputedly filed his claim after that date. We affirm.

### *Holding*

In light of the foregoing, we affirm summary judgment in favor of the Med. Costs of this appeal are taxed to the Appellant, Frederick Bertrand, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]The 2003 amendment was further amended in 2005, effective April 14, 2005, to extend the effective date through December 31, 2011. Acts 2005, ch. 54, § 1.