# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 4, 2010 Session

## LARRY H. COLEMAN v. MATTHEW KISBER, ET AL.

### Direct Appeal from the Chancery Court for Davidson County
No. 10-137-IV     Russell T. Perkins, Judge

### No. M2010-00642-COA-R3-CV - Filed October 4, 2010

### SEPARATE CONCURRENCE

JUDGE HOLLY M. KIRBY, concurring separately:

I concur with nearly all of the majority opinion, but disagree with one aspect of it. However, I would reach the same result with different reasoning, and so file this separate concurrence.

I concur fully with the majority's conclusion that the documents sought by Coleman contain tax administration information and tax information deemed confidential under Tennessee Code Annotated § 67-1-1702(a).

Coleman asserts that even if the documents in question contain confidential information, under Tennessee Code Annotated § 10-7-503(c)(2), the documents must nevertheless be disclosed under the Opens Records Act with the confidential information redacted "whenever possible." T.C.A. § 10-7-503(c)(2) (2009 Supp.). The trial court was not required to address this issue, because the trial court relied on the ECD exception to the Open Records requirements. As explained below, the ECD exception expressly permits the Commissioner of Economic and Community Development to declare the "document" confidential. This obviated the need to address the redaction issue.

However, the majority in this appeal relies on Section 67-1-1702(a), the exception for tax information and tax administration information. In contrast to the ECD exception, Section 67-1-1702(a) declares the "information" confidential, and does not state that the "document" is confidential. Therefore, under the majority's analysis, the issue of redaction must be addressed. Specifically, redaction must be addressed by determining either that Section 10-7-503(c)(2) is not applicable to the documents at issue in this case, or even if

Section 10-7-503(c)(2) is applicable, none of the documents need to be disclosed because redaction is not "possible" as to any of them.

The majority opinion does not address whether the redaction statute, Section 10-7-503(c)(2), is applicable under these circumstances. Instead, assuming *arguendo* that the redaction statute is applicable, the majority conducts its "own independent review" of the documents, and determines that "all of the information contained within these documents constitutes tax administration information."[1]

I must respectfully disagree with the majority's approach. Also assuming *arguendo* that the redaction statute is applicable, the majority's holding amounts to a conclusion that redaction is not "possible" under the Section 10-7-503(c)(2). If indeed the redaction statute applies,[2] I believe that such a finding must be made in the first instance by a trial court, not by an appellate court.[3] While this Court can certainly review a trial court's finding on whether redaction of confidential information is possible, I believe it is inappropriate for an appellate court to conduct an "independent review" and issue such a finding itself.

This is especially true in this case. Nowhere in the lengthy excerpts quoted from the Commissioners' affidavits do either Commissioner Farr or Commission Kisber claim that redaction of the confidential tax administration information in the subject documents is not "possible." Rather, the Commissioners carefully eschew this issue, asserting instead that redaction is not required.

Nevertheless, I concur in the result reached by the majority, using the reasoning utilized by the trial court. The trial court found that the withheld documents were protected under the ECD exception to the Open Records requirements, Tennessee Code Annotated § 4-3-730(c), which provides:

---

[1] In *McLane Co. v. State*, 115 S.W.3d 925 (Tenn. Ct. App. 2003), relied upon in the majority analysis of T.C.A. § 67-1-1702(a), the issue of redaction was neither raised nor addressed.

[2] I likewise do not address whether Section 10-7-503(c)(2) applies under the circumstances of this case.

[3] In *Bridgestone v. Chumley*, 2008 WL 2415483 (Tenn. Ct. App. June 11, 2009), T.C.A. § 10-7-503(c)(2) was not an issue. However, the appellate court remanded the case to the trial court for an *in camera* review of the documents at issue, indicating specifically that redaction of the documents would be considered by the trial court on remand. *Id.* at *13.

(c)(1) Notwithstanding any other provision of law to the contrary, any record, documentary materials, or other information, including proprietary information, received, produced or maintained by the department shall be considered public unless the commissioner, with the affirmative agreement of the attorney general and reporter, determines that a document or information is of such a sensitive nature that its disclosure or release would seriously harm the ability of this state to compete or conclude agreements or contracts for economic or community development.

(2) If the commissioner, with the agreement of the attorney general and reporter, determines pursuant to subdivision (c)(1) that a document or information should not be released or disclosed because of its sensitive nature, such document or information shall be considered confidential for a period of up to five (5) years from the date such a determination is made. After such period, the document or information made confidential by this subsection (c) shall become a public record and shall be open for inspection.

T.C.A. § 4-3-730(c) (2005). Thus, under this statute, the Commissioner of the Department of Economic and Community Development, with the agreement of the State Attorney General, may determine that a *document* or information should not be disclosed because of its sensitive nature. Here, ECD Commissioner Kisber, with the agreement of the Attorney General, determined that the documents in question were "of such a sensitive nature that [their] disclosure or release would seriously harm the ability of this state to compete or conclude agreements or contracts for economic or community development." Section 4-3-730(c)(1).

After reviewing the documents *in camera*, the trial court found that Commissioner Kisber did not abuse the discretion afforded him under the ECD exception to declare the documents confidential. Because the ECD exception protects the entire document, the trial court was not required to reach the issue of redaction.

I agree with the trial court's conclusion that the ECD exception in Section 4-3-730(c) is applicable to the documents withheld in this case. Contrary to Coleman's assertion on appeal, the ECD exception statute clearly authorizes the Commission to declare the documents confidential, and not just certain information contained in the documents, and that is precisely what the ECD Commissioner did in this case.

Coleman also argues that Commissioner Kisber waived any protection under the ECD exception by publicly posting unscored evaluation matrices and referring to the scoring matrices in press releases, citing **Arnold v. City of Chattanooga**, 19 S.W.3d 779 (Tenn. Ct. App. 1999). The trial court found that the Commissioner's references to the scoring matrices

did not amount to a waiver of the confidentiality of the documents. Assuming, without deciding, that such a waiver could be applicable to the discretion given to the ECD Commissioner under Section 4-3-730(c), I agree with the trial court's finding of no waiver.

Therefore, I would affirm the trial court's holding that Commissioner Kisber appropriately deemed the documents confidential and not subject to disclosure, pursuant to Section 4-3-730(c), the ECD exception to the Open Records requirements. This holding would obviate the need to address the issue of redaction.

On this basis, I concur.

_____
HOLLY M. KIRBY, JUDGE